This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Daniel Sackett, appeals from his maximum sentence of ten years for a repeat violent offender specification. We affirm.
{¶ 2} On August 14, 2001, Defendant was charged with one count of murder, in violation of R.C. 2903.02(A); a repeat violent offender specification, pursuant to R.C. 2941.149; one count of carrying a concealed weapon, in violation of R.C. 2923.12; and one count of domestic violence, in violation of R.C. 2919.25. In a supplemental indictment, of October 25, 2001, Defendant was also indicted with one count of murder, in violation of R.C. 2903.02(B); a repeat violent offender specification, pursuant to R.C. 2941.149; and felonious assault, in violation of R.C. 2903.11(A).
{¶ 3} On November 5, 2001, pursuant to Crim.R. 7(D), the State moved to amend the indictment for murder to voluntary manslaughter. This was done with the understanding that Defendant would plead guilty to voluntary manslaughter and the repeat offender specification and in return the State would dismiss all other charges against the Defendant. Defendant pled guilty to the amended charge, and a sentencing hearing was held on November 29, 2001.
{¶ 4} At the hearing, the trial court sentenced Defendant to the mandatory ten years for voluntary manslaughter and an additional ten years for the repeat violent offender specification. These sentences were to run consecutively. Defendant timely appeals raising one assignment of error for review.
 ASSIGNMENT OF ERROR {¶ 5} "The court erred by imposing the maximum sentence of [ten] years on the repeat violent offender specification[.]"
{¶ 6} Defendant avers that the trial court improperly sentenced Defendant for the maximum ten years on the repeat violent offender specification. Specifically, Defendant contends that his sentence is inconsistent with the factors outlined in R.C. 2929.12. We disagree.
{¶ 7} An appellate court may remand a matter to the trial court for resentencing if it finds that the trial court clearly and convincingly acted contrary to law. R.C. 2953.08(G)(2)(b). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477.
{¶ 8} A trial court may impose the maximum prison sentence if a defendant falls into one of the following categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as set forth in R.C. 2929.14(D)(3); and (4) certain repeat violent offenders as set forth in R.C. 2929.14(D)(2). R.C. 2929.14(C).
{¶ 9} When imposing a maximum sentence, "the trial court must make a finding with respect to one of the four categories and specify its reasons for imposing the maximum sentence." State v. Newman, 9th Dist. No. 20981, 2002-Ohio-4250, at ¶ 8, citing R.C. 2929.19(B)(2)(d). See, also, State v. Edmonson (1999), 86 Ohio St.3d 324, 329. This Court has held that the trial court's findings may be in either the transcript of the sentencing hearing or present in the journal entry. State v.Pacely, 9th Dist. No. 01CA007784, 2002-Ohio-951, at ¶ 7, citingState v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 3-4. Therefore, the sentencing court's findings need not be in the hearing transcript if the findings are contained in the journal entry. Pacely at ¶ 7, citing Riggs, supra.
{¶ 10} In this case, Defendant appeals the maximum sentence he received for the repeat violent offender specification. In regard to repeat violent offenders, R.C. 2929.14(D)(2)(b) provides for the imposition of an additional prison term of up to ten years, on repeat violent offenders given a maximum prison sentence, if the trial court finds that: "(i) [t]he terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under [R.C. 2929.12] * * * indicating a greater likelihood of recidivism outweigh the applicable factors * * * indicating a lesser likelihood of recidivism [and] (ii) [t]he terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under [R.C. 2929.12] * * * indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors * * * indicating that the offender's conduct is less serious than conduct normally constituting the offense." It is important to note that when addressing the "recidivism" and "seriousness of the conduct" factors, it is not necessary that the trial court use specific language or make specific findings on the record in order to comply with the R.C. 2929.12 requirements. Newman at ¶6, citing State v. Arnett (2000), 88 Ohio St.3d 208, 215. "Rather, the trial court need only state that it considered the applicable factors of R.C.2929.12 in arriving at its decision." Newman at ¶ 6. See, also,State v. Neptune, 9th Dist. No. 3171-M, 2001-Ohio-1768, at 4.
{¶ 11} At the sentencing hearing, the trial court heard testimony from the coroner, Dr. Kohler, who performed the autopsy on the decedent. Dr. Kohler testified that there was no evidence of defensive or offensive marks on the decedent and that no assumptions could be made as to the direction of decedent's and Defendant's bodies. However, Dr. Kohler stated that the knife wielded by Defendant penetrated the sternum, heart, and liver of the victim. She further stated that "[the] wound took a significant amount of force because it did have to penetrate through the breast bone of the decedent."
{¶ 12} Additionally, the court noted that after reading the pre-sentence investigation report, victim impact statement, and letters from various family members and friends, it came to the conclusion that Defendant is a "career criminal." Specifically, the trial court judge stated, "the facts that I have learned about [Defendant] from this pre-sentence investigation including the facts of these terrible prior violent sentences indicate to me that [Defendant has] been in prison three times before, [he has] caused a woman to have her leg amputated due to [his] criminal conduct in the past, and now [Defendant has] taken the life of a young man. In the Court's opinion [Defendant is] a career criminal and will continue to reoffend unless [he] receive[s] stiff penalties by this Court." The trial court also referenced Defendant's previously given statements and found that he showed no remorse and was concerned only about himself and not the victim or the victim's family.
{¶ 13} Lastly, the court noted that this was "one of the worst forms of crimes the [c]ourt has seen" and that "the harm caused here is so serious and more serious than normally caused by such offenses that they outweigh any applicable mitigating circumstances that might justify a lesser sentence[.]" The trial court acknowledged that, according to Defendant's previously given statements, decedent was without a weapon and never threw a punch. Instead, decedent had his hands in the air as though preparing to hit Defendant or "egg on" Defendant to fight. The trial court was disturbed by evidence of Defendant's choice to forcefully stab decedent in the chest and noted that "instead of turning around and leaving, [Defendant] plunged a knife into [decedent's] chest with such force that it went in five-and-a-half inches, which would be the entire blade and some of the handle[.]" The court specifically stated that "giving [Defendant] the minimum sentence * * * would demean the seriousness of the offense and not adequately protect society from future criminal conduct by [Defendant]."
{¶ 14} Furthermore, the trial court stated in its journal entry that it considered the seriousness and recidivism factors under R.C.2929.12 and found that "Defendant is not amenable to community control." Thus, the trial court stated the required findings on the record in order to impose a maximum prison sentence.
{¶ 15} After a thorough review of the record, we find that the trial court made all the findings and reasons necessary to impose the maximum sentence, and Defendant's sentence is consistent with the factors outlined in R.C. 2929.12. Consequently, Defendant's sole assignment of error is overruled.
{¶ 16} Defendant's assignment of error is overruled. The conviction of the Summit County Court of Common Pleas is affirmed.
CARR, J., WHITMORE, J. CONCUR.